Good morning, Your Honors. I'm Deborah Bookout, and I represent petitioner-appellant Christopher Wentzell. I'm going to try and reserve two minutes for a rebuttal. The issue in this appeal is whether, under the AEDPA, Wentzell's second federal petition is subject to dismissal pursuant to 2244B as a second or successive petition. Wentzell contends that pursuant to the Supreme Court's decision in Magwood v. Patterson, his second federal petition is not subject to dismissal under 2244B because of an intervening judgment of conviction. The straightforward rule announced by the Supreme Court in Magwood was that if there's an intervening judgment between the first federal petition and the second federal petition, the second one is not second or successive under 2244B at all. In this case, Wentzell's first – But wasn't that based on a record that, I mean, there was some change, the judgment made some change, right, in that case? In Magwood's case? Yeah. The judgment in that case was the result of a new sentencing after a grant of the writ from the district court. And new evidence was taken based on a new record. I don't know if I could agree that there was new evidence presented. There was a new sentencing in which the Court stated that it considered all the evidence from before and any new argument. I don't – I'm not sure there was new argument. But I'm not sure I could agree with the Court that there was new evidence presented at the new sentencing. There was a correction of the sentencing statute subsequent to the first sentencing. What I'm getting at is, you know, I don't think you can necessarily read that Supreme Court case to say that in every case where there is another judgment, it's not second or successive, regardless of how much or how little the new judgment, you know, changed what was heard before. I think I'd have to disagree with the Court. I think that the Supreme Court's decision does lead to the conclusion that if there's an intervening judgment, that's the end of the analysis. The rationale for the Supreme Court's decision turned on whether there was, in fact, a new judgment. Well, then if there's a new judgment, you can file a new petition. It's not second or successive. You can raise any question you want to, including questions that could have been raised the first time. I think that if there's a second petition filed after an intervening judgment, then that would not be considered a successive petition. And then what would follow is a determination whether some of the claims raised in that second petition were subject to dismissal under other procedural bars, but not because it's a successive petition. Well, suppose you're right. The judge also had an alternative basis for his ruling that was untimely. Yes. And I know your objection to that is that he didn't give any warning before dismissing it. Is that right? Yes. I mean, that's the gist of it. I think that the two issues are really very tied together, obviously. The second petition wasn't untimely because it was filed within or the argument is because it was filed within one year of the amended judgment of conviction. Had Mr. Winsel been given the opportunity to respond to the district court's statute of limitations problem, then he would have been able to establish that, in fact, it was timely because it was filed within one year. So just playing this out, if we agree with you that this is not a second or successive petition, then the original petition or his new petition then would be reinstated. Right. And then you're off and running. Is that? As long as I can get past any other procedural problems that might arise and that the State would have the opportunity to address in a motion to dismiss. Now, if you were to raise new issues or if you were to raise now claims that were already decided in the previous case or could have been decided, I suppose there might be some claim preclusion or something of that sort that could. I would agree with the Court. And I think that that's sort of where the argument breaks down, that the analysis under 2244B doesn't happen if the second one isn't successive. But that doesn't mean that there aren't claims within the second petition that would be otherwise subject to dismissal on some other grounds. Gotcha. I have a question. What about the concept of a certificate of appealability from us or a permission to file a second or successive petition? I'm not sure I understand the question. Is it possible that we could grant leave to file? In this case? Yes. I think if Mr. Winsell had sought leave from the circuit court to file a second one and a grant of that permission, we'd still be having the same discussion as to whether it was in fact a successive petition in which he was entitled or required to ask for permission. But Mr. Winsell's position is that he wasn't required under 2244B to seek permission from the Ninth Circuit because this isn't a successive petition as a result of the intervening judgment. To Judge Garber's point, if, assuming we think it is a second or successive, we granted him permission to file it, that cures everything, doesn't it? It cures the successive petition problem, one of them. It doesn't necessarily cure any other defects within the second petition in terms of some of the claims that might not be possible. Well, that's his problem. Exactly. I mean, the issue in Mr. Winsell's case doesn't allow him to do anything that he wouldn't normally be allowed to do under the EDPA rules. If he hasn't exhausted his claims, they're not exhausted. If they're procedurally defaulted, they're procedurally defaulted. The only issue is a very narrow one, whether the intervening judgment that exists in his case in which he challenges in the second petition is in fact successive under 2244B. And I think that Magwood clearly or the Supreme Court's decision clearly states that it isn't. Well, you say clearly. Apparently, we have a head-on collision between the Second and the Fifth Circuits that just take completely opposite views. So obviously, it seems to me that there's a reasonable dispute. Well, the – if I note which cases the Court is addressing, the – well, there was a Fifth Circuit decision in which they found that Magwood only applied to new sentencing. And I just think that the Magwood decision doesn't hold up to that. The rationale in that decision doesn't suggest that it only would apply to a new sentencing if there's a new sentencing. And I think if I'm not mistaken, the Second District, or maybe it was the Tenth, there was a decision that suggested that if it was a clerical issue only that resulted in amended judgment of conviction, then Magwood wouldn't apply. I think that in reading the Supreme Court's decision in Magwood, their rationale doesn't make it clear whether a clerical correction in amended judgment would make a difference. But what I can tell the Court is that isn't the case here. We're not talking about an amended judgment issued to correct a clerical error. The State district court found that Mr. Wentzel could not be convicted of Count I and Count II under State law and dismissed one of the convictions. It changed the sentence and it changed the conviction. It is a new judgment of conviction for purposes of 2244B. So I don't think that's an issue that has to be decided in this case. And then I would argue that I think the rationale in Magwood suggests that even a clerical change would result in this, in the Second Petition not being successive. Did you want to reserve two minutes, did you say? Yes. Thank you. Good morning. Good morning, Your Honor. May it please the Court, counsel, my name is Robert Wieland. I'm a senior deputy attorney general employed by the Office of the Attorney General of the State of Nevada. I have the privilege of representing the Respondents in this particular matter. With respect, I'll address this perhaps in reverse order from what the Court did and from what counsel did. The Respondents' position that the judgment of conviction in this particular case is not, even though it was entitled an amended judgment of conviction, is not the result of any resentencing whatsoever. And therefore, Magwood has no application. Indeed, if you look at footnote 11 in Magwood, it's my reading of that note, that the United States Supreme Court did not take a position on this. And indeed, if you look at the facts regarding this circumstance, Mr. Wenzel filed a second state post-conviction proceeding. The State District Judge, with the concurrence of the prosecuting attorney, determined that Mr. Wenzel could not have been convicted of, notwithstanding the fact that he entered guilty pleas, to count 1 and count 2. Count 1, solicitation to commit murder, was removed from the record. The conviction was vacated. Nevertheless, counts 2 and count 3 remained the same, as did the sentences for those two crimes. He was initially sentenced, Mr. Wenzel was initially sentenced to 10 years on count 1, and there was a 20-year sentence on count 2 to run consecutive to count 1. And then on count 3, he had a 10-year sentence consecutive to the first two. What happened was is he, quite frankly, got a gift, and the only change in the sentencing is instead of having 10-CS, 20-CS-10, he now has 20-CS-10. The convictions that stand with respect to counts 2 and 3, all the issues with respect to his guilty plea could have been litigated in his first federal habeas petition. And indeed, his first federal habeas petition was found to be untimely by the Federal District Court. That court denied a certificate of appealability, as did this court. Therefore, this second petition challenging exactly the same thing, counts 2 and counts 3, are necessarily untimely, and it would, in fact, be a successive petition. What this, the fact that the previous petition was found untimely and this court decided not to, and the courts decided not to grant a certificate of appealability means that's the end of the road for that. And so when he comes here to the Federal District Court this time and says, oh, I want to attack the selfsame convictions that I previously attacked, but my attack ---- But in terms of, you know, what's second or successive in, what's the name of that case? Magwood, right? In Magwood, Supreme Court seems to focus on the judgment, whether the judgment is the same judgment or not. I would ---- You know, regardless of how much change it makes to each count that's contained in the judgment, and there's no question in this case there is a new judgment, right? There is an amended judgment. Right. So if you apply the Supreme Court's thinking to that in terms of, you know, if it's a new judgment, it's not second or successive, or wouldn't this case qualify as a new, not successive and second judgment? Well, first of all, I respectfully disagree with the Court's interpretation. I don't read Magwood that broadly. The factual circumstance in which Magwood arose was a circumstance where the person had obtained relief and went back and got a new sentencing. And therefore, by virtue of that, there were new issues that arose, arguably, in the course of the resentencing. That's not what's happened here. And the language in Magwood, quite frankly, does not address the situation that is presented to the Court in this action. Which is what? That the claims raised could have been raised the first time because they're the same claims as, you know, were right before? Well, that's ---- Yeah, that's part of it. This case also---- I mean, you win, but on a different theory, right? I mean, it's not that it's ---- If the amended judgment is a new judgment, then he can file it, but you prevail because it's been, you know, it's basically res judicata or collaterally stopped or something like that. Well, there's that theory, and there's also the fact that with respect to the claims that he's presented, he claims he's actually innocent. Well, he's not going to prevail on that claim on the merits under any circumstances because there are no freestanding claims of actual innocence, and the United States Supreme Court, particularly with respect to guilty pleas, has not recognized that such a claim is a viable claim in the Federal habeas context. That's why I'm saying even if we say an amended judgment is a new judgment no matter what, it really doesn't affect the outcome ultimately, does it? Well, I think---- Well, I don't believe the Federal district court's theory was wrong. I think---- Well, that's what I'm saying. If we disagree with you, I understand you believe it, but if we don't believe it, if we say an amended judgment is a new judgment because these are bright-line rules and these are technical things, and if it's a new judgment, it's a new judgment, the clock starts again, he's still precluded because he litigated or could have litigated these things before. I suppose you could reach that. I think the other theory is actually better. Either one, I think, is probably viable. Okay. Well, but the question is, you know, whether this, he can get into court at all, and that's the second or successive question. These other questions, I think, as your opponent argued, you know, arise later in the proceedings if he's able to get into court, right? Well, in order to get permission to file a second and successive petition, he still has to satisfy 2244b1b, and he can't, and he doesn't, and he admittedly doesn't because he can't claim that he's actually ---- even if he claims I pled guilty, but I'm actually innocent, there is no such claim. There is no such viable claim. No, but they have nothing to do with whether this is second or successive. Oh, I respectfully disagree, Your Honor. I think it does, because if this Court were to adopt the posture, then it's, well, first of all, in the Day case and as this Court recognized in the Herbst case, we're And it's certainly not efficient to grant leave to file a second and successive petition. It's not judicially economic when, by virtue of the very allegations, he can't prevail in any event. With respect to that, and then going to the Day v. McDonough and the Herbst issue, I would note that both the United States Supreme Court and this Court and Herbst relied on or cited favorably the Acosta case. And with respect to that, and, of course, Rule 4 says if it plainly appears from the pleadings, the Federal District Court can dismiss the petition. It appears, and it's the State's argument, that it plainly appeared from the pleadings that, and it's unmistakable, that Mr. Wenzel cannot prevail on the timeliness argument. This Court, nor did the Day court, reached the issue, the next issue cited in Acosta, nor did this Court in Herbst, with respect to, yes, they both said there should be notice and opportunity to be heard, but neither court was presented with the notion in Acosta that if it was unmistakably clear from the papers, the Court could dismiss the action. Day was not presented with that issue, and this Court was not presented with that issue in Herbst. In Herbst, this Court remanded for further development of the record. It's the Respondent's position in this case that the record in this case does not need to be further developed, and then it's unmistakably clear that Mr. Wenzel is going to be untimely. The, and that's by virtue of the fact that the previous Federal habeas petition was found to be untimely. All the issues with respect to timeliness are, or could have been litigated, or have been litigated in that previous action. Therefore, Respondents respectfully request that this Court affirm the judgment of the Federal District Court. Thank you. Thank you, Mr. Whelan. Ms. Bookert, you get the last word. You have about two minutes left. The only thing I really wanted to address after Mr. Whelan's argument was that, what happened in Mr. Wenzel's case was he didn't get a new sentencing hearing, but he got a new sentence, and he got a new judgment. And, you know, the issue is whether he's precluded from raising any issues in a Federal petition that would be considered successive, if the petition was considered successive, as a result of that intervening judgment. And I think there isn't, in my opinion, any way to get around the rationale in Magwood is that when there is, in fact, an intervening judgment under the circumstances in Mr. Wenzel's case, then a second petition which challenges that intervening judgment is not successive. That would then allow him to get into Federal court with those claims. It might subject him to a motion to dismiss for other reasons, but it doesn't preclude him from getting into Federal court on a second petition that challenges an intervening judgment. That's all I have. Okay. Thank you, Ms. Bookout. Mr. Whelan, thank you, too. The case just argued is submitted. Good morning.
judges: Garbis, Tashima, Silverman